SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
GLENN EDWARDS and DIANA EDWARDS,

                     Plaintiffs,

                -against-

THE CITY OF NEW YORK, JAMAL HAIRSTON,
OSCAR FERNANDEZ, ROBERT KELLY,
EVARISTUS UKE, KEITH CARPENTER and
GREGORY CARTY,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Plaintiffs designate
New York County as the
place of trial

Basis of venue is
county of occurrence

**SUPPLEMENTAL
SUMMONS**

Index No. 152345/15

To the above named defendant(s):

       YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorney within 20 days after service of this summons (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:  New York, New York
        August 26, 2016

                         SIVIN & MILLER, LLP

                         By_____
                         Edward Sivin
                         Attorneys for Plaintiffs
                         20 Vesey St., Suite 1400
                         New York, NY  10007
                         (212) 349-0300

To:

THE CITY OF NEW YORK,
100 Church Street
New York, N  10007

DETECTIVE JAMAL HAIRSTON,
c/o Narcotics Bureau- Manhattan North, One Police Plaza,
Rm. 1100, New York, NY  10007

DETECTIVE OSCAR FERNANDEZ,
c/o Narcotics Bureau- Manhattan North, One Police Plaza,
Rm. 1100, New York, NY  10007

SGT. ROBERT KELLY,
c/o Narcotics Bureau- Manhattan North, One Police Plaza,
Rm. 1100, New York, NY  10007

SGT. EVARISTUS UKE,
c/o Narcotics Bureau- Manhattan North, One Police Plaza,
Rm. 1100, New York, NY  10007

KEITH CARPENTER,
c/o Narcotics Bureau- Manhattan North, One Police Plaza,
Rm. 1100, New York, NY  10007

GREGORY CARTY
c/o Narcotics Bureau- Manhattan North, One Police Plaza,
Rm. 1100, New York, NY  10007

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
GLENN EDWARDS and DIANA EDWARDS,

          Plaintiffs,

          -against-

THE CITY OF NEW YORK, JAMAL HAIRSTON,
OSCAR FERNANDEZ, ROBERT KELLY,
EVARISTUS UKE KEITH CARPENTER and
GREGORY CARTY,

          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**SECOND
AMENDED COMPLAINT**

Index No. 152345/15

Plaintiffs, by their attorneys SIVIN & MILLER, LLP, as and for their *second amended* complaint herein, allege as follows, upon information and belief:

## THE PARTIES

1. That at all times herein mentioned, plaintiffs were and are residents of the County of Bronx, City and State of New York.

2. That at all times herein mentioned, defendant The City of New York (hereinafter "the City") was and is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

3. That prior to the institution of this action, and within ninety (90) days of the dates on which the causes of action accrued herein, notice of claims and intention to sue were duly served upon and filed with the defendants on behalf of plaintiffs; that this action was not commenced until the expiration of thirty (30) days after such notices of claim and intention to sue were presented and the defendants have neglected and/or refused to make adjustment or payment thereon, and this action is being commenced within one year and ninety days after the causes of action accrued

herein.

4.  That at all times herein mentioned, the City operated, controlled, managed, and maintained The New York Police Department (hereinafter the "NYPD").

5.  That at all times herein mentioned, defendant Jamal Hairston (hereinafter "Hairston") was and is a detective employed by the NYPD.

6.  That at all times herein mentioned, Hairston was acting within the course and scope of his employment with the NYPD.

7.  That at all times herein mentioned, Hairston was acting under color of state law.

8.  That at all times herein mentioned, defendant Oscar Fernandez (hereinafter "Fernandez") was and is a detective employed by the NYPD.

9.  That at all times herein mentioned, Fernandez was acting within the course and scope of his employment with the NYPD.

10.  That at all times herein mentioned, Fernandez was acting under color of state law.

11.  That at all times herein mentioned, defendant Robert Kelly (hereinafter "Kelly") was and is a sergeant employed by the NYPD.

12.  That at all times herein mentioned, Kelly was acting within the course and scope of his employment with the NYPD.

13.  That at all times herein mentioned, Kelly was acting under color of state law.

14.  That at all times herein mentioned, defendant Evaristus Uke (hereinafter "Uke") was and is a sergeant employed by the NYPD.

15.  That at all times herein mentioned, Uke was acting within the course and scope of his employment with the NYPD.

16. That at all times herein mentioned, Uke was acting under color of state law.

17. That at all times herein mentioned, defendant Keith Carpenter (hereinafter "Carpenter") was and is a sergeant employed by the NYPD.

18. That at all times herein mentioned, Carpenter was acting within the course and scope of his employment with the NYPD.

19. That at all times herein mentioned, Carpenter was acting under color of state law.

19a. That at all times herein mentioned, defendant Gregory Carty (hereinafter "Carty") was and is an officer employed by the NYPD.

19b. That at all times herein mentioned, Carty was acting within the course and scope of his employment with the NYPD.

19c. That at all times herein mentioned, Carty was acting under color of state law.

## THE FACTS

20. Plaintiffs repeat and reallege each and every allegation set forth above as though fully set forth at length herein.

21. That on May 8, 2014, plaintiffs were in their residence at 700 Lenox Avenue, Apt. 20L, New York, NY.

22. That on May 8, 2014, at plaintiffs' residence at 700 Lenox Avenue, Apt. 20L, New York, NY, The City of New York, by and though its agents, servants and/or employees, including officers with the NYPD, including Hairston, Fernandez, Kelly, Uke, and Carpenter (hereinafter referred to collectively as "the officers"), forcibly entered plaintiffs' residence en masse and without permission or consent and without otherwise being justified.

23.   That plaintiff Diana Edwards was naked when the officers entered the aforementioned premises.

24.   That after entering plaintiffs' residence the officers, without legal justification, physically seized plaintiffs, pointed weapons at plaintiff, forced plaintiffs to the ground, forcibly applied handcuffs to plaintiffs, and otherwise used force against plaintiffs that was neither justified nor reasonable under the circumstances.

25.   That after entering plaintiffs' residence the officers caused plaintiffs to remain handcuffed for over three hours, and for longer than was reasonable or necessary for the officers to execute their official duties and longer than was reasonable or necessary for the officers' safety.

26.   That after entering plaintiffs' residence the officers also compelled plaintiff Diana Edwards to remain naked for longer than was reasonable or necessary for the officers to execute their official duties and longer than was reasonable or necessary for the officers' safety.

27.   That after entering plaintiffs' residence and forcibly handcuffing plaintiffs, the officers caused plaintiffs to be confined and imprisoned inside their apartment for more than three hours.

28.   That after forcibly confining plaintiffs inside their apartment, the officers formally placed plaintiffs under arrest and thereafter forcibly imprisoned plaintiffs and/or caused plaintiffs to be imprisoned at various other locations, including a police precinct and Central Booking.

29.   That on or about May 8, 2014, the officers also initiated and/or caused to be initiated criminal charges against plaintiffs, accusing plaintiffs of crimes of which they were innocent and of which the officers knew plaintiffs to be innocent.

30.   That none of the officers had probable cause to initiate and/or to cause to be

initiated criminal charges against plaintiffs.

31. That in support of those criminal charges, Hairston made statements and accusations about plaintiffs to the Office of the District Attorney and others that were false and that Hairston knew to be false.

32. That in support of those criminal charges, Hairston signed a Criminal Court Complaint, under penalty of perjury, in which he made allegations against plaintiffs that were false and that Hairston knew to be false.

33. That as a result of the aforementioned prosecution plaintiffs were required to appear in court on several occasions, were deprived of their liberty and freedom, and were restricted in their travel.

34. That on October 6, 2014, all criminal charges against plaintiffs were dismissed on the merits and the criminal prosecution terminated favorably to plaintiffs.

*34a. That on or about May 8, 2014, the officers also initiated and/or caused to be initiated against plaintiffs a civil action or proceeding with the New York State Office of Children & Family Services, Child Protective Services (hereinafter "CPS"), falsely and maliciously accusing plaintiffs of selling drugs from their home in the presence of their 10-year-old granddaughter.*

*34b. That none of the officers had probable cause to initiate and/or to cause to be initiated the aforesaid CPS proceeding against plaintiffs.*

*34c. That in support of the aforesaid CPS proceeding, the officers made statements and accusations about plaintiffs to CPS that were false and that they knew to be false.*

*34d. That as a result of the aforesaid CPS proceeding, plaintiffs were required to undergo interviews and interrogation by CPS, were denied custodial rights in their grandchild,*

*were stigmatized, were listed in the New York State Child Abuse and Maltreatment Register, and*
*were otherwise deprived of liberty and property rights.*

*34e. That during the pendency of the CPS proceeding, the officers continued to*
*make statements and accusations about plaintiffs to CPS that were false and that they knew to be*
*false, and the officers  intentionally withheld from CPS information that they knew would be*
*exculpatory for plaintiffs.*

*34f.  That on or about May 11, 2015, the administrate charges against plaintiffs*
*by CPS were dismissed and CPS notified each plaintiff that he or she was "no longer an*
*indicated subject."*

35.  That the actions of the officers were intentional, spiteful, and malicious in
nature.

*35a.  That the officers knew, or at the very least intentionally or recklessly*
*disregarded a substantial risk, that their actions would cause plaintiffs extreme emotional*
*distress.*

*35b.  That the aforesaid actions of the officers were extreme, outrageous, and*
*outside the bounds of common decency.*

*35c.  That the aforesaid actions of the officers caused plaintiffs extreme*
*emotional distress and suffering.*

35d.  That on or about February 19, 2016, the officers, including but not limited to
NYPD Detective Gregory Carty (Carty), again forcibly entered plaintiffs' residence en masse and
without permission or consent and without otherwise being justified.

35e.  That after entering plaintiffs' premises, the officers forcibly seized and
detained plaintiffs against their will.

35f.  That on or about February 19, 2016, Carty also initiated and/or caused to be initiated criminal charges against plaintiff Diana Edwards, accusing her of crimes of which she was innocent and of which the officers knew her to be innocent.

35g.  That none of the officers had probable cause to initiate and/or to cause to be initiated criminal charges against Diana Edwards.

35h.  That in support of those criminal charges, Carty made statements and accusations about Diana Edwards that were false and that Carty knew to be false.

35i.  That in support of those criminal charges, Carty signed a Criminal Court Complaint, under penalty of perjury, in which he made allegations against Diana Edwards that were false and that Carty knew to be false.

35j.  That as a result of the aforementioned prosecution Diana Edwards was directed to appear in court and was deprived of her liberty and freedom, and was otherwise restricted in her travel.

35k.  That after the commencement of the criminal prosecution, the criminal proceeding terminated favorably to Diana Edwards by virtue of Carty  not having entered a return date on the summons and not having further processed the summons.

35l.  That the aforementioned actions of the officers were undertaken in retaliation for plaintiffs having commenced suit against The City of New York and the officers, and having exercised their First Amendment rights of free speech and their right to petition the government for a redress of grievances.

36.  That each of the officers observed the illegal and unconstitutional acts of his fellow officers, each had an opportunity to intervene to prevent or stop those acts, and each intentionally failed and refused to intervene to prevent or stop those acts.

37. That the aforesaid actions by the City, including the officers, were in furtherance of an illegal and unconstitutional policy of the NYPD that requires officers, under threat of adverse employment consequences, to arrest specific numbers of individuals.

38. That upon information and belief, prior to May 8, 2014, the officers repeatedly engaged in similar conduct in violation of citizens' rights, including arresting citizens without probable cause or reasonable suspicion and criminally charging those citizens with crimes of which the officers knew the citizens to be innocent.

39. That upon information and belief, the City intentionally ignored and/or was deliberately indifferent to the officers' pattern of illegal and unconstitutional conduct towards citizens.

40. That as a result of the foregoing actions by the City and the officers, plaintiffs sustained physical, emotional, and psychological injuries, were damaged in their name and reputation, endured and will continued to endure pain and suffering and loss of enjoyment of life, incurred medical expenses and other economic loss, and were otherwise damaged.

### FIRST CAUSE OF ACTION ON BEHALF OF GLENN EDWARDS
### AGAINST ALL DEFENDANTS
(False Arrest and Imprisonment)

41. Plaintiffs repeat and reallege each and every allegation set forth above as though fully set forth at length herein.

42. That the aforementioned actions of the officers, including Carty, constitute a false arrest and false imprisonment of plaintiff, for which the officers are liable under New York State law and for which the City is vicariously liable under the doctrine of respondeat superior.

**SECOND CAUSE OF ACTION ON BEHALF OF GLENN EDWARDS**
**AGAINST HAIRSTON, FERNANDEZ, KELLY, UKE, CARPENTER and CARTY**
(42 USC § 1983 Claim Arising From False Arrest and Imprisonment)

43. Plaintiffs repeat and reallege each and every allegation set forth above as though fully set forth at length herein.

44. That the aforementioned false arrest and false imprisonment of plaintiff constitute an illegal seizure and deprivation of liberty of plaintiff in violation of rights guaranteed to plaintiff under the Fourth and Fourteenth Amendments to the US Constitution, and entitles plaintiff to recover damages pursuant to 42 USC § 1983.

**THIRD CAUSE OF ACTION ON BEHALF OF GLENN EDWARDS**
**AGAINST ALL DEFENDANTS**
(Assault and Battery)

45. Plaintiffs repeat and reallege each and every allegation set forth above as though fully set forth at length herein.

46. That the aforementioned actions of the officers, including Carty, constitute an assault and battery of plaintiff, for which the officers are liable under New York State law and for which the City is vicariously liable under the doctrine of respondeat superior.

**FOURTH CAUSE OF ACTION ON BEHALF OF GLENN EDWARDS**
**AGAINST HAIRSTON, FERNANDEZ, KELLY, UKE, CARPENTER and CARTY**
(42 USC § 1983 Claim Arising From Assault and Battery)

47. Plaintiffs repeat and reallege each and every allegation set forth above as though fully set forth at length herein.

48. That the aforementioned assault and battery of plaintiff constitute an illegal seizure and deprivation of liberty of plaintiff in violation of rights guaranteed to plaintiff under the Fourth and Fourteenth Amendments to the US Constitution, and entitles plaintiff to recover

damages pursuant to 42 USC § 1983.

### FIFTH CAUSE OF ACTION ON BEHALF OF GLENN EDWARDS AGAINST ALL DEFENDANTS
(Malicious Prosecution)

49. Plaintiffs repeat and reallege each and every allegation set forth above as though fully set forth at length herein.

50. That the aforementioned actions of the officers constitute a malicious prosecution of plaintiff, for which the officers are liable under New York State law and for which the City is vicariously liable under the doctrine of respondeat superior.

### SIXTH CAUSE OF ACTION ON BEHALF OF GLENN EDWARDS AGAINST HAIRSTON, FERNANDEZ, KELLY, UKE, CARPENTER and CARTY
(42 USC § 1983 Claim Arising From Malicious Prosecution)

51. Plaintiffs repeat and reallege each and every allegation set forth above as though fully set forth at length herein.

52. That the aforementioned malicious prosecution of plaintiff constitutes an illegal seizure and deprivation of liberty of plaintiff in violation of rights guaranteed to plaintiff under the Fourth and Fourteenth Amendments to the US Constitution, and entitles plaintiff to recover damages pursuant to 42 USC § 1983.

### SEVENTH CAUSE OF ACTION ON BEHALF OF GLENN EDWARDS AGAINST HAIRSTON, FERNANDEZ, KELLY, UKE, CARPENTER and CARTY
(42 USC § 1983 Claim Arising From Failure to Intervene)

53. Plaintiffs repeat and reallege each and every allegation set forth above as though fully set forth at length herein.

54. That the aforementioned failure of these defendants to intervene to stop and/or prevent the illegal and unconstitutional actions of his fellow officers resulted in the illegal seizures

and deprivations of liberty of plaintiff in violation of rights guaranteed to plaintiff under the Fourth

and Fourteenth Amendments to the US Constitution, and entitles plaintiff to recover damages

pursuant to 42 USC § 1983.

## EIGHTH CAUSE OF ACTION ON BEHALF OF GLENN EDWARDS
## AGAINST THE CITY
(Negligent Hiring, Training, and Retention)

55.  Plaintiffs repeat and reallege each and every allegation set forth above as though

fully set forth at length herein.

56.  That the aforesaid incidents and resulting damage to plaintiff were due to the

negligence of the City, its agents, servants and/or employees, in the hiring, training, and retention of

the officers, including Carty.

## NINTH CAUSE OF ACTION ON BEHALF OF GLENN EDWARDS
## AGAINST THE CITY
("Monell" Claim)

57.  Plaintiffs repeat and reallege each and every allegation set forth above as though

fully set forth at length herein.

58.  That the aforesaid actions by the officers, including Carty, subject the City to

liability under 42 USC § 1983, pursuant to *Monell v. Dep't of Social Servs. of N.Y.C.*, 436 U.S.

658.

## TENTH CAUSE OF ACTION ON BEHALF OF DIANA EDWARDS
## AGAINST HAIRSTON, FERNANDEZ, KELLY, UKE, CARPENTER and CARTY
(42 USC § 1983 Claim Arising From False Arrest and Imprisonment)

59.  Plaintiffs repeat and reallege each and every allegation set forth above as though

fully set forth at length herein.

60.  That the aforementioned actions of the officers, including Carty, constitute a

false arrest and false imprisonment of plaintiff and an illegal seizure and deprivation of liberty of plaintiff in violation of rights guaranteed to plaintiff under the Fourth and Fourteenth Amendments to the US Constitution, and entitles plaintiff to recover damages pursuant to 42 USC § 1983.

### ELEVENTH CAUSE OF ACTION ON BEHALF OF DIANA EDWARDS AGAINST HAIRSTON, FERNANDEZ, KELLY, UKE, CARPENTER and CARTY
(42 USC § 1983 Claim Arising From False Assault and Battery)

61.   Plaintiffs repeat and reallege each and every allegation set forth above as though fully set forth at length herein.

62.   That the aforementioned actions of the officers, including Carty, constitute an assault and battery of plaintiff and an illegal seizure and deprivation of liberty of plaintiff in violation of rights guaranteed to plaintiff under the Fourth and Fourteenth Amendments to the US Constitution, and entitles plaintiff to recover damages pursuant to 42 USC § 1983.

### TWELFTH CAUSE OF ACTION ON BEHALF OF DIANA EDWARDS AGAINST HAIRSTON, FERNANDEZ, KELLY, UKE, CARPENTER and Carty
(42 USC § 1983 Claim Arising From Malicious Prosecution)

63.   Plaintiffs repeat and reallege each and every allegation set forth above as though fully set forth at length herein.

64.   That the aforementioned actions of the officers, including Carty, constitute a malicious prosecution of plaintiff and an illegal seizure and deprivation of liberty of plaintiff in violation of rights guaranteed to plaintiff under the Fourth and Fourteenth Amendments to the US Constitution, and entitles plaintiff to recover damages pursuant to 42 USC § 1983.

**THIRTEENTH CAUSE OF ACTION ON BEHALF OF DIANA EDWARDS
AGAINST HAIRSTON, FERNANDEZ, KELLY, UKE, CARPENTER and CARTY**
(42 USC § 1983 Claim Arising From Failure to Intervene)

65. Plaintiffs repeat and reallege each and every allegation set forth above as though fully set forth at length herein.

66. That the aforementioned failure of these defendants to intervene to stop and/or prevent the illegal and unconstitutional actions of his fellow officers resulted in the illegal seizures and deprivations of liberty of plaintiff in violation of rights guaranteed to plaintiff under the Fourth and Fourteenth Amendments to the US Constitution, and entitles plaintiff to recover damages pursuant to 42 USC § 1983.

**FOURTEENTH CAUSE OF ACTION ON BEHALF OF DIANA EDWARDS
AGAINST THE CITY**
("Monell" Claim)

67. Plaintiffs repeat and reallege each and every allegation set forth above as though fully set forth at length herein.

68. That the aforesaid actions by the officers subject the City to liability under 42 USC § 1983, pursuant to *Monell v. Dep't of Social Servs. of N.Y.C.*, 436 U.S. 658.

69. That all of the foregoing causes of action fall within one or more of the exceptions set forth in CPLR § 1602 with respect to joint and several liability.

**FIFTEENTH CAUSE OF ACTION ON BEHALF OF GLENN EDWARDS
AGAINST HAIRSTON, FERNANDEZ, KELLY, UKE, CARPENTER and CARTY**
(Intentional Infliction of Emotional Distress)

70. Plaintiffs repeat and reallege each and every allegation set forth above as though fully set forth at length herein.

71. That the aforementioned actions of the officers, including Carty, constitute an

intentional infliction of emotional distress, for which the officers are liable under New York State law.

## SIXTEENTH CAUSE OF ACTION ON BEHALF OF GLENN EDWARDS
## AGAINST HAIRSTON, FERNANDEZ, KELLY, UKE, CARPENTER and CARTY
(Violation of Substantive Due Process)

72.  Plaintiffs repeat and reallege each and every allegation set forth above as though fully set forth at length herein.

73.  That the aforementioned actions of the officers, including Carty, constitute arbitrary and capricious governmental action, and are so egregious and outrageous as to shock the contemporary conscience.

74.  That as a result thereof, plaintiff was deprived of his Fourteenth Amendment right of substantive due process.

## THE FOLLOWING CAUSES OF ACTION RELATE EXCLUSIVELY TO
## THE INCIDENT OF FEBURARY 19, 2016

## SEVENTEENTH CAUSE OF ACTION ON BEHALF OF DIANA EDWARDS
## AGAINST HAIRSTON, FERNANDEZ, KELLY, UKE, CARPENTER and CARTY
(Violation of Substantive Due Process)

75.  Plaintiffs repeat and reallege each and every allegation set forth above as though fully set forth at length herein.

76.  That the aforementioned actions of the officers, including Carty, constitute arbitrary and capricious governmental action, and are so egregious and outrageous as to shock the contemporary conscience.

77.  That as a result thereof, plaintiff was deprived of her Fourteenth Amendment right of substantive due process.

## EIGHTEENTH CAUSE OF ACTION ON BEHALF OF DIANA EDWARDS
## AGAINST ALL DEFENDANTS
(False Arrest and Imprisonment)
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

78. Plaintiffs repeat and reallege each and every allegation set forth above as though

fully set forth at length herein.

79. That the aforementioned actions of the officers, including Carty, constitute a

false arrest and false imprisonment of plaintiff, for which the officers are liable under New York

State law and for which the City is vicariously liable under the doctrine of respondeat superior.

## NINETEENTH CAUSE OF ACTION ON BEHALF OF DIANA EDWARDS
## AGAINST ALL DEFENDANTS
(Assault and Battery)

80. Plaintiffs repeat and reallege each and every allegation set forth above as though

fully set forth at length herein.

81. That the aforementioned actions of the officers, including Carty, constitute an

assault and battery of plaintiff, for which the officers are liable under New York State law and for

which the City is vicariously liable under the doctrine of respondeat superior.

## TWENTIETH CAUSE OF ACTION ON BEHALF OF DIANA EDWARDS
## AGAINST ALL DEFENDANTS
(Malicious Prosecution)

82. Plaintiffs repeat and reallege each and every allegation set forth above as though

fully set forth at length herein.

83. That the aforementioned actions of the officers, including Carty, constitute a

malicious prosecution of plaintiff, for which the officers are liable under New York State law and

for which the City is vicariously liable under the doctrine of respondeat superior.

**TWENTY FIRST CAUSE OF ACTION ON BEHALF OF DIANA EDWARDS**
**AGAINST HAIRSTON, FERNANDEZ, KELLY, UKE, CARPENTER and CARTY**
(Intentional Infliction of Emotional Distress)

84. Plaintiffs repeat and reallege each and every allegation set forth above as though fully set forth at length herein.

85. That the aforementioned actions of the officers, including Carty, constitute an intentional infliction of emotional distress, for which the officers are liable under New York State law.

**TWENTY SECOND CAUSE OF ACTION ON BEHALF OF GLENN EDWARDS**
**AGAINST HAIRSTON, FERNANDEZ, KELLY, UKE, CARPENTER and CARTY**
(First Amendment Violation)

86. Plaintiffs repeat and reallege each and every allegation set forth above as though fully set forth at length herein.

87. That the aforementioned actions of the officers, including Carty, constitute a violation of the proscription against prohibiting or abridging plaintiff's freedom of speech and his right to petition the government for a redress of grievances, and entitle plaintiff to recover monetary damages under 42 U.S.C. § 1983.

**TWENTY THRID CAUSE OF ACTION ON BEHALF OF DIANA EDWARDS**
**AGAINST HAIRSTON, FERNANDEZ, KELLY, UKE, CARPENTER and CARTY**
(First Amendment Violation)

88. Plaintiffs repeat and reallege each and every allegation set forth above as though fully set forth at length herein.

89. That the aforementioned actions of the officers, including Carty, constitute a violation of the proscription against prohibiting or abridging plaintiff's freedom of speech and her right to petition the government for a redress of grievances, and entitle plaintiff to recover monetary damages under 42 U.S.C. § 1983.

WHEREFORE, plaintiffs demand judgment against defendants, and each of them,

on the foregoing causes of action for compensatory damages in amounts that exceed the

jurisdictional limitations of all lower courts that otherwise would have jurisdiction over this matter,

and for punitive damages against the officers, and attorneys' fees against all defendants pursuant to

42 USC § 1988, and plaintiffs also demand the costs and disbursements of this action.


Dated:  New York, New York
         August 26, 2016

                                        Yours, etc.
                                        SIVIN & MILLER, LLP

                              By_____
                                        Edward Sivin
                                        Attorneys for plaintiffs
                                        20 Vesey St., Suite 1400
                                        New York, NY  10007
                                        (212) 349-0300